**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000172**
**09-MAR-2018**
**08:16 AM**

NO. CAAP-17-0000172

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF PC and AC

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S. NO. 14-00145)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Father-Appellant (Father) appeals from the Order Terminating Parental Rights, entered on February 9, 2017, by the Family Court of the First Circuit (family court).[1] The family court terminated Father's parental rights to his children, PC and AC (collectively, Children), finding, among other things, that Father was not presently willing and able to provide his Children with a safe family home, even with the assistance of a service plan, and he would not become willing or able to do so in the reasonably foreseeable future.

Father contends that the family court clearly erred by terminating his parental rights where (1) Mother's expert witness, Conchita Schlemmer (Schlemmer), testified that Father was actively trying to improve his parenting skills and habits and provide a safe family home, and his cognitive deficiencies

---

[1] The Honorable Linda S. Martell presided.

could be overcome through additional intensive parenting guidance and therapy; and (2) witness, Emily Adeszko's (Adeszko's) evaluation failed to take into account Father's cognitive deficiencies and, thus, lacked credibility and weight. Related to these arguments is Father's challenge to the family court's May 23, 2017 Findings of Fact (FOF) and Conclusions of Law (COL), FOFs 64 and 65 and COLs 10 and 11.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's points of error as follows.

In order to terminate a parent's parental rights, the family court must, among other things, determine by clear and convincing evidence that:

> (1) A child's parent whose rights are subject to termination is not presently willing and able to provide the parent's child with a safe family home, even with the assistance of a service plan;
> (2) It is not reasonably foreseeable that the child's parent whose rights are subject to termination will become willing and able to provide the child with a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the child's date of entry into foster care[.]

Hawaii Revised Statutes (HRS) § 587A-33(a)(1), (a)(2) (Supp. 2016). The family court made both of these determinations by clear and convincing evidence in terminating Father's parental rights.

Schlemmer, Mother's therapist, testified that she treated Mother following the removal of Children from the family home. Schlemmer's assessment of Father was based solely on her therapeutic relationship with Mother. Schlemer could not assess Father because he was not her patient. Based on her testimony, the family court ultimately found that Schlemmer was not a credible witness. This court declines to pass upon the family court's determinations regarding the credibility of witnesses and weight of the evidence. See Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006).

2

Adeszko, a Catholic Charities outreach worker, monitored three-hour visits every Saturday between the parents and Children. Following these visits, Adeszko prepared reports regarding the parents' strengths and weaknesses, the directions or feedback that had been provided, and challenges or concerns regarding parents' abilities. The family court found Adeszko to be a credible witness and based some of its many findings regarding Father's parenting weaknesses on her opinions. The family court, which assessed the reports along with the rest of the evidence, took into account Father's cognitive limits in determining whether to grant the motion to terminate parental rights. Based on the family court's uncontested findings of fact, there is sufficient evidence in the record to support the order terminating Father's parental rights. As previously stated, we decline to review the credibility of the witness and weight of the evidence determinations of the family court. See Fisher, 111 Hawai'i at 46, 137 P.3d at 360.

Based on the foregoing, we conclude that FOFs 64 and 65 are not clearly erroneous, and COLs 10 and 11 are not wrong.

Therefore, IT IS HEREBY ORDERED that the family court's Order Terminating Parental Rights entered on February 9, 2017, is affirmed.

DATED: Honolulu, Hawai'i, March 9, 2018.

On the briefs:

Jacob G. Delaplane
for Father-Appellant.

Douglas S. Chin,
Attorney General,
Julio C. Herrera and
Jonathan M. Fujiyama,
Deputy Attorneys General,
for Petitioner-Appellee,
Department of Human Services.

Presiding Judge

Associate Judge

Associate Judge

3